# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **RICHARD MARTINEZ** ) | **CASE NO.** |
| **6995 Dawning Drive** ) | |
| **Brooklyn, Ohio 44144,** ) | **JUDGE** |
| ) | |
| **Plaintiff** ) | |
| ) | **COMPLAINT** |
| vs. ) | |
| ) | **(Jury Demand Endorsed Hereon)** |
| **CITY OF CLEVELAND** ) | |
| **601 Lakeside Avenue** ) | |
| **Cleveland, Ohio 44114** ) | |
| ) | |
| **MICHAEL McGRATH** ) | |
| **Individually and in his Official** ) | |
| **Former Capacity as Chief of Police,** ) | |
| **Cleveland Police Department** ) | |
| **1300 Ontario Street** ) | |
| **Cleveland, Ohio 44113** ) | |
| ) | |
| **MARTIN FLASK** ) | |
| **Individually and in his Official** ) | |
| **Former Capacity as Director,** ) | |
| **Department of Public Safety** ) | |
| **City of Cleveland** ) | |
| **601 Lakeside Avenue, Room 230** ) | |
| **Cleveland, Ohio 44114** ) | |
| ) | |
| **and** ) | |
| ) | |
| **JOHN AND/OR JANE DOES #1-10** ) | |
| **Unknown Police Officer, Agent and** ) | |
| **Employee of the City of** ) | |
| **Cleveland, Both Individually** ) | |
| **and in their Official Capacity** ) | |
| **1300 Ontario Street** ) | |
| **Cleveland, Ohio 44114** ) | |
| ) | |
| **Defendants** ) | |

Now comes Plaintiff Richard Martinez, by and through undersigned counsel; and, for his Complaint, states as follows:

## I. Jurisdiction

1. Jurisdiction over claims brought under the Fifth and Fourteenth Amendments to the United States Constitution as well as 42 U.S.C. § 1983 is conferred on this Court by 28 U.S.C. §§1331, 1343 (a) (3) and (4).

## II. Venue

2. This Court is the proper venue under 28 U.S.C. §1391(b), this being the District in which the events giving rise to Plaintiff's claims occurred with jurisdiction granted pursuant to 28 U.S.C. §1331 and §1343.

## III. The Parties

3. Plaintiff Richard Martinez, at all times relevant herein, is an employee of the City of Cleveland within its Police Department, which conducts its operations in the City of Cleveland, County of Cuyahoga, and State of Ohio.

4. Defendant City of Cleveland (hereinafter "City") is a unit of local government organized under the laws of the State of Ohio. The City is a person under 42 U.S.C. §1983 and, at all times relevant herein, acted under color of law.

5. Defendant City employed agents, servants and employees, including Defendants Martin Flask (hereinafter "Flask"), and John and/or Jane Does, Agents and Employees, for purposes of, among other things, maintaining a police department and safety force, delivering care to the public, and for keeping order and law; and any said

acts by said agents, servants and employees were within the course and scope of their employment and authority and in furtherance of protective affairs of said Defendant City.

6. Defendant City's Police Department employed agents, servants and employees, including Defendant Michael McGrath (hereinafter "McGrath"), and John and/or Jane Doe Officers, Agents and Employees, for purposes of maintaining a police and safety force, delivering care to the public, for keeping order and law; and any said acts by said agents, servants and employees were within the course and scope of their employment and authority and in furtherance of protective affairs of said Defendant City.

7. Defendant McGrath, at all times relevant, was employed by the City of Cleveland as its Chief of Police and any actions of Defendant McGrath taken were done in furtherance of the objectives of the City, including retaining Plaintiff as an employee of the Cleveland Police Department, considering whether or not to promote Plaintiff to the rank of Lieutenant in the Cleveland Police Department, and keeping order and law.

8. Defendant Flask, at all times relevant, was employed by the City of Cleveland as its Director of Public Safety and any actions of Defendant Flask taken were done in furtherance of the objectives of the City, including retaining Plaintiff as an employee of the Cleveland Police Department, considering whether or not to promote Plaintiff to the rank of Lieutenant in the Cleveland Police Department, and keeping order and law.

9. John and/or Jane Does, at all times relevant, were employed by the City of Cleveland and any actions of Defendant John and/or Jane Does were done in furtherance of the objectives of the City to provide care to the public, including retaining Plaintiff as an employee of the Cleveland Police Department, considering whether or not to promote Plaintiff within the ranks of the Cleveland Police Department, and keeping order and law.

*IV. Facts*

10. Plaintiff is an employee of the City of Cleveland's Police Department, where he has held employment since on or about August 19, 1996.

11. Plaintiff is currently employed at the rank of Sergeant.

12. In the organizational structure of the City of Cleveland's Police Department, the rank of Lieutenant is one rank higher than that of Sergeant.

13. Those employed by the City of Cleveland's Police Department at the rank of Sergeant receive lower pay per hour than do those employed at the rank of Lieutenant.

14. To become eligible for a promotion from the rank of Sergeant to that of Lieutenant, a Sergeant must sit for a Lieutenant's Civil Service Examination.

15. When a position of Lieutenant becomes available, the past practice and de facto policy of the City of Cleveland's Police Department is to promote to the rank of Lieutenant the Sergeant with the highest score on the Lieutenant's Civil Service Examination.

16. As the past practice and de facto policy of the Defendant City's Police Department is to promote to the rank of Lieutenant the Sergeant with the highest score on the Lieutenant's Civil Service Examination, it has waived any right it has to promote to the rank of Lieutenant based on criteria other than the Sergeant with the highest score on the Lieutenant's Civil Service Examination.

17. On or about July 23, 2011, Plaintiff sat for a Lieutenant's Civil Service Examination conducted by the Defendant City's Police Department for those who sought a promotion to the rank of Lieutenant.

18. On or about January 13, 2012, the results of the Lieutenant's Civil Service Examination were certified and Plaintiff was notified that he received a score of 102.32179 and, furthermore, received the seventh (7th) highest score among the fifty (50) individuals who took the examination.

19. The results of the exam administered on or about July 23, 2011, were to be utilized when selecting candidates for promotion to the rank of Sergeant through January 13, 2014.

20. On or about March 2, 2012, the Sergeants with the first (1st) through fourth (4th) highest scores on the Lieutenant's Civil Service Examination were promoted to the rank of Lieutenant.

21. On or about March 29, 2012, Plaintiff received a letter from Defendant Flask informing him that he was eligible for promotion to the rank of Lieutenant and requesting that he indicate if he wished to be considered for such a promotion.

22. Plaintiff, upon receiving the March 29, 2012, letter from Defendant Flask, informed him that he would like to be considered for such a promotion.

23. On or about March 21, 2013, the Sergeants with the fifth (5th) and sixth (6th) highest scores on the Lieutenant's Civil Service Examination were promoted to the rank of Lieutenant.

24. Following these promotions on or about March 21, 2013, Plaintiff was the next most qualified Sergeant eligible for promotion to the rank of Lieutenant.

25. On or about April 25, 2013, Plaintiff received a letter from Defendant Flask informing him that he was eligible for promotion to the rank of Lieutenant and requesting that he indicate if he wished to be considered for such a promotion.

5

26. Plaintiff, upon receiving the April 25, 2013, letter from Defendant Flask, informed him that he would like to be considered for such a promotion.

27. On or about May 23, 2013, Defendant Flask sent a letter to Brian Betley, President of Fraternal Order of Police Lodge #8, the bargaining unit for Plaintiff. Said letter stated that effective June 3, 2013, "notwithstanding past practice . . . I will exercise the one-in-three rule when determining the most qualified candidate for a vacancy."

28. On or about July 29, 2013, Plaintiff received a letter from Defendant Flask informing him that he was eligible for promotion to the rank of Lieutenant and requesting that he indicate if he wished to be considered for such a promotion.

29. Plaintiff, upon receiving the July 29, 2013, letter from Defendant Flask, informed him that he would like to be considered for such a promotion.

30. On or about August 26, 2013, a Sergeant other than Plaintiff was promoted to the rank of Lieutenant by Defendants City, McGrath, Flask, and John/Jane Does #1-10 despite the fact that Plaintiff had a higher score on the Lieutenant's Civil Service Examination than the Sergeant that was promoted. This action was in contravention of the past practice of the Cleveland Police Department for the promotion of Sergeants to the rank of Lieutenant.

31. On or about December 20, 2013, three (3) Sergeants other than Plaintiff were promoted to the rank of Lieutenant by Defendants City, McGrath, Flask, and John/Jane Does #1-10 despite the fact that Plaintiff had a higher score on the Lieutenant's Civil Service Examination than the three (3) Sergeants that were promoted. This action was in contravention of the past practice of the Cleveland Police Department for the promotion of Sergeants to the rank of Lieutenant.

32. Following this second instance in which Plaintiff was passed over for promotion by other Sergeants who scored lower on the Lieutenant's Civil Service Examination and otherwise were less qualified for the promotion, Plaintiff's name was then removed from the list of those individuals eligible to receive a promotion to the rank of Lieutenant.

33. Plaintiff remains an employee of the Cleveland Police Department in the rank of Sergeant, receiving less in pay and benefits than other employees of the Cleveland Police Department that were not as qualified to receive a promotion to the rank of Lieutenant and did not score as high on the Lieutenant's Civil Service Examination.

*V. Count I: Violation of Plaintiff's Procedural*
*Due Process Rights: All Defendants*

34. Plaintiff re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 33 as fully written herein.

35. The past practice and de facto policy of the Defendants City, McGrath, Flask, and John/Jane Does #1-10 was to promote to the rank of Lieutenant those at the rank of Sergeant with the highest score on the Lieutenant's Civil Service Examination.

36. Plaintiff, as the recipient of the highest score on the Lieutenant's Civil Service Examination of those Sergeants eligible to receive a promotion to the rank of Lieutenant on August 26, 2013, had a protected property interest in the opening for the Lieutenant position, given the policies and past practices of the Defendant City's Police Department.

37. Despite Plaintiff's protected property interest in the opening for the Lieutenant position, Defendants the City, McGrath, Flask, and John/Jane Doe #1-10 promoted to said position alternate candidates who scored lower on the Lieutenant's Civil Service

7

Examination on or about August 26, 2013, infringing on Plaintiff's protected property interest in said position.

38. Plaintiff, as the recipient of the highest score on the Lieutenant's Civil Service Examination of those Sergeants eligible to receive a promotion to the rank of Lieutenant on December 20, 2013, had a protected property interest in the opening for the Lieutenant position, given the policies and past practices of the Defendant City's Police Department.

39. Despite Plaintiff's protected property interest in the opening for the Lieutenant position, Defendants the City, McGrath, Flask, and John/Jane Doe #1-10's promoted to said position alternate candidates who scored lower on the Lieutenant's Civil Service Examination on or about December 20, 2013, infringing on Plaintiff's protected property interest in said position.

40. Plaintiff was rendered ineligible for promotion to the rank of Lieutenant following Defendants the City, McGrath, Flask, and John/Jane Doe #1-10's decision to pass over him for promotion to the rank of Lieutenant on the above-referenced occasions.

41. Defendants have, under color of state law, deprived Plaintiff of his rights under the Fifth and Fourteenth Amendments when they deprived him of property without due process by failing to promote him to the rank of Lieutenant, causing him to suffer monetary damages and emotional distress.

42. Plaintiff would not have suffered monetary damages but for Defendants' violation of rights under the Fifth and Fourteenth Amendments when they failed to promote him to the rank of Lieutenant, in violation of the past practices and policy of Defendant City's Police Department.

43. As a direct and proximate result of Defendants' actions, Plaintiff's constitutional rights to due process have been violated and he has sustained and will continue to sustain monetary damages into the future, and will continue to suffer from emotional distress into the future.

44. There is no state law remedy available to Plaintiff for Defendants the City, McGrath, Flask, and John/Jane Doe #1-10's decision to pass over him for promotion to the rank of Lieutenant on the above-referenced occasions.

45. Defendants the City, McGrath, Flask, and John/Jane Doe #1-10's acted negligently, recklessly, wantonly, willfully, knowingly, intentionally and with deliberate indifference to the Fifth and Fourteenth Amendment rights of Plaintiff when they failed to promote him to the rank of Lieutenant despite the fact that he was the most qualified candidate for the open position on August 26, 2013, and on December 20, 2013.

*VI. Prayer for Relief*

WHEREFORE, Plaintiff Richard Martinez demands judgment against Defendants City of Cleveland; Michael McGrath, Individually and in his Official Capacity as Former Police Chief, Martin Flask, Individually and in his Official Capacity as Former Director of Public Safety, City of Cleveland, and John and/or Jane Doe #s 1 - 10, Unknown Police Officers, Agents and Employees of the City of Cleveland, Individually and in their Official Capacities, jointly and severally, as follows:

1. Past and future economic and non-economic compensatory damages, consequential damages, liquidated damages, incidental damages, lost pay, back pay, future pay and lost benefits;

2. Punitive damages for each party in an amount to be determined at trial;

3. Reasonable attorney's and expert fees;

4. Interest and costs of this action; and

5. Any other relief which this Court deems just and equitable.

                                Respectfully submitted,

                                /s/ Michael G. Polito_____
                                **MICHAEL G. POLITO (0051930)**
                                **NATHANIEL G. SZEP (0085874)**
                                **POLITO RODSTROM BURKE LLP**
                                21300 Lorain Road
                                Fairview Park, Ohio 44126
                                Phone: (440) 895-1234
                                Facsimile: (440) 895-1233
                                E-mail: mpolito@prblaw.com
                                E-mail: nszep@prblaw.com
                                *Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff Richard Martinez hereby demands a trial by jury consisting of the maximum number of jurors permitted by law as to all triable issues in this action.

                                /s/ Michael G. Polito_____
                                **MICHAEL G. POLITO**
                                *One of the Attorneys for Plaintiff*