**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD MARTINEZ, | ) | CASE NO. 1:15-CV-01686 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KENNETH S. McHARGH |
| CITY OF CLEVELAND, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |

## I. INTRODUCTION

Before the Court is a Motion to Dismiss (Doc. No. 21) filed by Defendants City of Cleveland, Michael McGrath, Martin Flask, *et al*., pursuant to Federal Rules of Civil Procedure 12(b)(6). The Defendants direct their Motion at Plaintiff Richard Martinez's First Amended Complaint. (Doc. No. 18).

**A. Factual Background**

The Court draws the following facts from the Plaintiff's Amended Complaint. Plaintiff ("Martinez") was employed by the City of Cleveland's Police Department as a police officer with the rank of sergeant. (Doc. No. 18 at ¶¶11-12). On July 23, 2011, Martinez took a Lieutenant's Civil Service Examination ("LCSE"), which is administered to those who seek a promotion to the rank of lieutenant.[1] (*Id*. at ¶¶14, 17). Martinez asserts that the results of the July 2011 LCSE examination were certified on January 13, 2012, and that these LCSE results would be used for promotions to the rank of lieutenant through January 13, 2014. (*Id*. at ¶¶18-19). Martinez avers

---

[1] The rank of "lieutenant" is one rank higher than that of "sergeant," and the former is paid at a higher hourly rate. (*Id*. at ¶¶12-13).

that he received the seventh highest score among the fifty individuals who took the exam.  (*Id*.)

Martinez asserts that it had been the Defendants' "past practice" and "de facto policy" to promote, in succession, those individuals with the highest LCSE examination scores.  (*Id*. at ¶¶15-16).  Soon after the LCSE results were certified, the test takers with the four highest LCSE scores were promoted to the rank of lieutenant on March 2, 2012.  (*Id*. at ¶¶20).  On March 29, 2012, Martinez received a letter from Defendant Flask, the former Director of the Department of Public Safety for the City of Cleveland, informing him that he was eligible for promotion to lieutenant and inquiring whether he remained interested.[2]  (*Id*. at ¶21).  Martinez responded in the affirmative.  (*Id*. at ¶22).  Almost a year later, on March 21, 2013, the exam takers with the fifth and sixth highest scores were promoted to lieutenant.  (*Id*. at ¶23).  On April 25, 2013, Martinez again received a letter from Defendant Flask informing him that he was eligible for promotion and inquiring whether he remained interested.[3]  (*Id*. at ¶25).  Martinez again responded in the affirmative.  (*Id*. at ¶26).

On May 23, 2013, Defendant Flask sent a letter to Brian Betley, President of the Fraternal Order of Police Lodge #8, indicating that "notwithstanding past practice ... I will exercise the one-in-three rule when determining the most qualified candidate for a vacancy" effective on June 3, 2013.  (*Id*. at ¶27).  On July 29, 2013, Martinez yet again received a letter from Defendant Flask informing him that he was eligible for promotion and inquiring whether he remained interested.  (*Id*. at ¶28).  Martinez again responded in the affirmative.  (*Id*. at ¶29).

---

[2] After the promotion of the four highest scorers on the LCSE, Martinez was among the three highest candidates.

[3] After the promotion of the fifth and sixth highest scorers on the LCSE, Martinez was the highest scoring remaining candidate.

On August 26, 2013, a police sergeant with a lower score than Martinez was promoted. (*Id*. at ¶31). Neither prior to that date nor after it was Martinez provided with notice or an opportunity to be heard regarding the open lieutenant position. (*Id*. at ¶¶30, 32). On December 20, 2013, three other sergeants with lower scores than Martinez were promoted. (*Id*. at ¶34). Neither prior to that date nor after it was Martinez provided with notice or an opportunity to be heard regarding the open lieutenant positions. (*Id*. at ¶¶33, 35). After being passed over on these two occasions, Martinez was removed from the list of those individuals eligible to receive a promotion to the rank of lieutenant. (*Id*. at ¶36). Martinez continues to be employed as a sergeant. (*Id*. at ¶37).

On December 13, 2013, Martinez filed a grievance with the labor union, eventually resulting in the union's request that the dispute be submitted for arbitration. (*Id*. at ¶¶38-39). On August 20, 2014, Defendant City of Cleveland filed a complaint with the Cuyahoga County Court of Common Pleas seeking injunctive relief on the basis that Martinez's claim was not arbitrable. (*Id*. at ¶ 40). On August 27, 2015, the Common Pleas Court granted Defendant City of Cleveland's request and enjoined the arbitration of Martinez's grievance. (*Id*. at ¶ 41).

Martinez contends that he has no adequate procedural remedy to challenge the deprivation of his alleged property interest in a promotion. (*Id*. at ¶¶42-44).

**B. Procedural History**

In Martinez's original Complaint against Defendants, he brought one cause of action alleging a violation of procedural due process. (Doc. No. 1 at ¶¶34-45).

Defendants subsequently filed a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c), which Plaintiff opposed. (Doc. Nos. 16 & 17). After obtaining leave of the

3

Court to file an Amended Complaint, Plaintiff filed his First Amended Complaint on April 16, 2016. (Doc. No. 18). The Amended Complaint contains two causes of action: (1) a violation of procedural due process, and (2) a petition for writ of mandamus. (Doc. No. 18). Thereafter, Defendants filed the pending Motion to Dismiss.[4] (Doc. No. 21).

## II. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). When evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, and, for the purposes of this motion, accept all factual allegations as true. *Central States Pension Fund v. Mahoning Nat'l Bank*, 112 F.3d 252, 255 (6th Cir. 1997). The court, however, is not bound to accept as true legal conclusions or unwarranted factual inferences. *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000). On a motion under Rule 12(b)(6), the court's consideration is generally limited to the allegations in the complaint, but matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, may also be taken into account. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

To survive a motion to dismiss, a complaint must provide grounds for entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56, 127 S.

---

[4] The Amended Complaint rendered Defendants' previous Motion for Judgment on the Pleadings moot. Defendants, however, indicated in the Motion to Dismiss that they were incorporating by reference arguments they made with respect to issue of whether Martinez had a protected property interest in a promotion. (Doc. No. 21 at p. 4). The Court has considered those arguments in its analysis below.

Ct. 1955  (2007).  A complaint need not contain detailed factual allegations, but it requires more than unadorned allegations that a plaintiff was unlawfully harmed by a defendant.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (*quoting Twombly*, 550 U.S. at 575).  In order to survive a motion to dismiss:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id*. (internal citations omitted) (*quoting Twombly*, 550 U.S. at 570).  " Factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555; *see Association of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (explaining that the Supreme Court in *Twombly* disavowed the Rule 12(b)(6) pure notice pleading standard of *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99 (1957)).

The Supreme Court has explained that "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder."  *Twombly*, 550 U.S. at 563.  The function of the court in ruling on such a motion does not include  weighing the evidence or appraising the credibility of witnesses.  *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).  Rather, the court is to determine "whether a complaint states a plausible claim for relief."  *Iqbal*, 556 U.S. at 679.

## IV. Law and Analysis

A. Count One: Deprivation of a Property Interest

    **1. Allegation of a Protected Property Interest**

Martinez claims in Count One of his Amended Complaint that he was deprived of procedural due process when he was not promoted to the rank of lieutenant in contravention to Defendants' previous policies and practices, which resulted in a protected property interest in a promotion. (Doc. No. 18 at ¶¶45-56). The Sixth Circuit has defined the three elements of a procedural due process claim as follows:

> The Fourteenth Amendment prohibits state actors from depriving an individual of life liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. "In order to establish a procedural due process claim, a plaintiff must show that (1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the property interest." *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). Crawford must first show that he possessed a property interest in his continued employment before he can prevail on his due process claims against Defendants. *See Bailey*, 106 F.3d at 141.
>
> "The existence of a property interest depends largely on state law[,]" and not every government employee has a property interest in continued employment. *Id*.

*Crawford v. Benzie-Leelanau Dist. Health Dep't Bd. of Health*, 636 Fed. App'x 261, 266-267 (6th Cir. Jan. 15, 2016).

Though the case at bar does not involve an issue of continued employment, it reasonably follows that, to prevail on his claim, Martinez will have to show a property interest in a promotion. Defendants do not dispute that Martinez was in fact passed over for a promotion on multiple occasions, but rather argue that Martinez's claim should be dismissed because he did not possess a protected property interest in a promotion to the rank of lieutenant. (Doc. No. 21 at

p. 4). In support of their argument, Defendants maintain that they were following applicable civil service rules (*i.e.* the "one-in-three" rule), which does not require the promotion of the individual with the next highest score:

> Wherever practicable, vacancies shall be filled by promotion. Any advancement in rank or increase in salary beyond the limits fixed for the grade shall constitute a promotion. Lists shall be created and promotions made therefrom of candidates in the same manner as in original appointments, except that the Commission shall certify the names and addresses of the three candidates standing highest on the eligible list for the class or grade to which the promotional position belongs and the appointing authority shall appoint one of the three persons whose names are certified; and provided, however, that less than three shall constitute an eligible list, and the appointing authority shall appoint from the eligible list.

(Doc. No. 15 at note 8, *quoting* City of Cleveland Charter, Chapter 27 § 133).

The Sixth Circuit Court of Appeals has addressed a similar claim in a highly analogous decision. In *Paskvan v. City of Cleveland Civil Service Commission*, 946 F.2d 1233 (6th Cir. 1991), the plaintiff was also a police officer employed by the City of Cleveland, who scored third on a civil examination used to determine eligibility for promotion to the rank of sergeant. *Id*. at 1234. Paskvan further alleged, as does Martinez here, that it was the policy of the City of Cleveland to promote from the eligibility list in the order of a test taker's scoring rank. *Id*. Despite being third on the list, the top eighteen candidates, except Paskvan, were promoted, and his name was subsequently removed from the list.[5] *Id*. The district court had dismissed Paskvan's claim on the basis of the same arguments currently advanced by Defendants here – that the police officer had no protected property interest in a promotion because the City Charter allowed the city to promote any one among the top three candidates under the one-in-three rule.

---

[5] Paskvan also alleged that he was deliberately denied promotion due to his race, an allegation not present in the case at bar. *Paskvan*, 946. F.2d at 1236.

*Id*. at 1235.

While finding that there was no *substantive* due process right involved in a claim alleging a failure to carry out a purported understanding about past promotion procedures, the *Paskvan* court reversed the district court's decision dismissing the action reasoning as follows:

> Paskvan does, however, pursue the contention that he has a protected property interest in promotion under the due process clause. Paskvan argues that the City has created a property interest in promotion in order of rank on the eligibility list as evidenced in its past practice of always promoting in that manner. In essence, Paskvan is making a waiver argument. Since the City's Charter gives the City discretion in promotion, Paskvan argues, in effect, that the City has waived this exercise of discretion through practice. Paskvan maintains that property interests may be created through mutually explicit understandings, *citing Perry v. Sinderman*, 408 U.S. 593, 601, 33 L. Ed. 2d 570, 92 S. Ct. 2694 (1972); *see also Board of Regents v. Roth*, 408 U.S. 564, 33 L. Ed. 2d 548, 92 S. Ct. 2701 (1972); *Walker v. Hughes*, 558 F.2d 1247, 1253 (6th Cir. 1977); *Wells v. Board of Regents*, 545 F.2d 15 (6th Cir. 1976); *Christian v. Belcher*, 888 F.2d 410 (6th Cir. 1989). While the policy Paskvan argues may be quite difficult to prove, we assume it exists at this stage. *See, e.g., Hermes v. Hein*, 742 F.2d 350, 355 (7th Cir. 1984) ("[A] common law of employment is established through rules or mutually explicit understandings, and not solely through the past practices of the employer." (citations omitted)).
>
> * * *
>
> Paskvan may have alleged sufficient facts to go forward with his claim of deprivation of procedural due process if the waiver argument is justified. In *Reich v. Beharry*, 883 F.2d 239, 242 (3d Cir. 1989), the court stated that
>
>> so far as [it had] been able to determine, every court of appeals that has directly confronted the issue has concluded that although state contract law can give rise to a property interest protectible by procedural due process, not every interest held by virtue of a contract implicates such process.
>
> *Id*. at 242 (citations omitted).
>
> In *Woolsey v. Hunt*, 932 F.2d 555 (6th Cir. 1991), we recognized that an implied contract or mutually explicit understanding is sufficient to create a property interest in public employment, *citing Duncan v. City of Oneida*, 735 F.2d 998, 1000 (6th Cir. 1984). *Duncan*, however, recognized that one in the posture of

8

> Paskvan must establish a sufficient factual predicate to claim a property interest in continued public employment. *Compare Petru v. City of Berwyn*, 872 F.2d 1359 (7th Cir. 1989). Here, Paskvan's continued public employment is not at stake; rather, Paskvan has the heavier burden of showing a property interest in promotion under Cleveland ordinances by reason of its alleged practice of waiving its right to choose among a group of three qualified eligibles and proceed on the basis of test grade rank. "Agreements implied from 'the [defendants'] words and *conduct* in the light of the surrounding circumstances' may be sufficient to constitute a protected property interest. *Perry [v. Sinderman*, 408 U.S. 593, 92 S. Ct. 2694, 33 L. Ed. 2d 570,] at 602." *Woolsey*, 932 F.2d at 564 (emphasis added).
>
> * * *
>
> The cases relied upon by the district judge in dealing with "expectations . . . [that] do not rise to the level of a protected property interest," considered evidence, testimony, affidavits or other proof – they were not decided on defendant officials' motions to dismiss. (citations omitted). We believe the district court erred in granting defendants' motion to dismiss, especially in light of its recognition that "mutually explicit understandings arising from an employer's custom and practice are one source of property interests." (Citing *Perry v. Sinderman*, 408 U.S. 593, 601-03, 33 L. Ed. 2d 570, 92 S. Ct. 2694; *see* note 6 of the district court opinion.)
>
> We believe that Paskvan has at least arguably and sufficiently alleged defendants' course of conduct, despite discretionary rights in the "rule of three," to create an implied contract or mutually explicit understanding for promotion based on test scores, and plaintiff has likewise alleged lack of any adequate state remedy. *See Duncan*, 735 F.2d at 1000; *Woolsey*, 932 F.2d at 526. These are sufficient to survive defendants' motion to dismiss.

*Paskvan*, 946 F.2d at 1235-1237 (footnotes omitted).

Here, Martinez has alleged a nearly identical practice of promotion based solely on the order of ranking of the applicants' test scores. (*See generally* Doc. No. 18). In fact, Martinez has alleged that Defendant Flask, in a letter, essentially acknowledged that the Police Department's past practice had been to not follow the one-in-three rule in promotions. (Doc. No. 18 at ¶27). Defendants ask the Court to apply the reasoning from *Sadie v. City of Cleveland*, which upheld the mandatory retirement of police officers under a City ordinance. 2012 U.S. Dist. LEXIS 386,

9

2012 WL 10520 (N.D. Ohio Jan. 3, 2012), *aff'd*, 718 F.3d 596 (6th Cir. 2013).  (Doc. No. 15 at p. 5).  An identical argument was recently raised by Defendants in *Daley v. City of Cleveland* but rejected.  2016 WL 1182709 (N.D. Ohio Mar. 28, 2016) (Polster, J.)  The Court agrees with that decision's finding that *Sadie* was "inapposite for at least three reasons."  *Id*. at *4 (finding *Sadie* did not involve an equal protection claim, was decided at the summary judgment stage, and related to the exercise of discretion within a standing policy framework rather than a claim of a shift from one policy to another).

Defendants have failed to offer any persuasive argument as to why the holding of *Paskvan*, a case with nearly identical facts, should not control.  Defendants raise a public policy argument in their reply brief, arguing that a deviation from the one-in-three rule is "consistent with the exercise of discretion" and further that a deviation from the actual policy should not result in a *permanent* waiver of that policy.  (Doc. No. 24 at pp. 7-9.)  This line of argument is not without its merit.  Indeed, it is unclear how the City of Cleveland could ever deviate from an existing policy if its past practice could be construed as potentially establishing a protected property interest without exposing itself to potential liability.  Nonetheless, the Court is constrained by the binding authority of the Sixth Circuits's decision in *Paskvan*.  In sum, if the facts alleged in Martinez's Complaint are accepted as true – as this Court must at this stage of the proceedings – then Martinez has sufficiently plead a deprivation of a protected property interest.

**2. Existence of Adequate State Remedies**

Nevertheless, to prevail on a procedural due process claim, Martinez will have to establish that he was not afforded adequate procedural rights to protect his alleged property right. "Procedural due process generally requires that the state provide a person with notice and an

opportunity to be heard before depriving that person of a property or liberty interest." *Warren v. City of Athens*, 411 F.3d 697, 708 (6th Cir. 2005) *(citing Thompson v. Ashe*, 250 F.3d 399, 407 (6th Cir. 2002)). "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (U.S. 1984). "In some cases, postdeprivation review may possibly be sufficient, and no predeprivation process is required." *Leary v. Daeschner*, 228 F.3d 729, 743 (6th Cir. 2000).

It does not appear to be in dispute that no notice or hearing occurred or was available to Martinez *prior* to his being passed over for a promotion. Therefore, the issue remains whether Martinez had any adequate review process available to him after the fact. In *Leary*, the Sixth Circuit noted that "state postdeprivation procedures are sufficient, and neither a predeprivation hearing nor a federal cause of action is necessary, when the property interest at stake is a 'specific benefit, term, or condition of employment,' the loss of which is easily quantified, rather than the 'tenured nature of the employment itself.'" *Leary*, 228 F.3d at 743 (*quoting Ramsey v. Bd. of Educ.*, 844 F.2d 1268, 1274 (6th Cir. 1988)). Because a promotion (and the higher hourly wage that accompanies it) would seem to fall into the category of a specific benefit which is easily quantified, postdeprivation remedies would be sufficient. *See Daley*, 2016 WL 1182709 at *5 (finding failure to promote plaintiff did not result in any "immediate or incurable harm" and there was "no urgency to this alleged harm which would suggest post-deprivation process" would be inadequate).

Defendants assert that Martinez had a number of adequate remedies available to him and

11

rely on the Ohio Supreme Court's decision in *Shirokey v. Marth*, 63 Ohio St.3d 113, 585 N.E.2d 407 (Ohio 1992).  (Doc. No. 21 at pp. 4-5.)  In *Shirokey*, the Ohio Supreme Court found that the plaintiff's allegation, that he had been denied a promotion, did not "lend itself to traditional predeprivation remedies," but further found that the plaintiff "did have the benefit of postdeprivation statutory and common-law remedies which would satisfy due process requirements."  63 Ohio St.3d at 120-121.  The *Shirokey* court specifically found that the plaintiff could have taken a number of following actions: (1) filed a declaratory judgment action;[6] (2) requested an investigation and hearing with the civil service commission; (3) filed a common-law breach of contract claim; or (4) filed a petition for a writ of mandamus.  63 Ohio St.3d at 121-122.  Ultimately, the Ohio Supreme Court concluded that the plaintiff's procedural due process rights were not violated, because "the state's judicial review and administrative processes allow for a full consideration of his claim."  *Id*. at 122.  In *D'Amico v. City of Strongsville*, 59 Fed. App'x 675, 678 (6th Cir. 2003), the Sixth Circuit Court of Appeals essentially endorsed the finding of the Ohio Supreme Court and quoted the numerous "panoply of remedies" set forth in *Shirokey* when addressing a failure to promote claim.  The *D'Amico* court found that the plaintiff "had ample and adequate state remedies available," but did not pursue any of them.  Therefore, the court concluded that the claim failed.

In his opposition brief, Martinez avers that he does not possess any adequate state law

---

[6] The *Shirokey* court cites Ohio Revised Code ("O.R.C.") § 2721.03, which, in relevant part, allows "any person whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, township resolution, contract, or franchise may have determined any question of construction or validity arising under the instrument, constitutional provision, statute, rule, ordinance, resolution, contract, or franchise and *obtain a declaration of rights*, status, or other legal relations under it." (Emphasis added).

remedies. (Doc. No. 22 at pp. 9-10, 12-13). He states that he attempted to take his claim to arbitration, which was foreclosed by a court-ordered injunction, and further avers that he would be unable to obtain injunctive relief and that the civil service commission does not have the authority to promote within the ranks of the Cleveland police department. (*Id*., *see also* Doc. No. 18 at ¶¶40-44). Martinez argues that, at this stage of the proceedings, his allegation that he had no adequate state remedy should be accepted as true. (Doc. No. 22 at p. 10). Martinez's assertion that he has no adequate state remedy, however, is *not* a factual allegation entitled to a presumption of correctness, but rather a legal conclusion that the Court is not bound to accept. To the contrary, as stated above in the *Shirokey* and *D'Amico* decisions, Martinez had a number of avenues available to him, such as filing a declaratory judgment action, a breach of contract claim, or a petition for a writ of mandamus. His unsuccessful attempt to arbitrate the claim did not in any manner impede his ability to pursue these actions. Therefore, the Court finds the State afforded Martinez adequate procedural remedies.

For the foregoing reasons, Count One fails to state a claim and is dismissed.

**B. Count Two: Petition fort Writ of Mandamus**

Martinez's second ground for relief merely restates the substance of his previous claim and does not constitute a separate and free-standing cause of action. (Doc. No. 18 at ¶¶11-12). The Court construes Count Two instead as a component of Martinez's prayer for relief. Notably, the Amended Complaint's "Prayer for Relief" includes a request that a writ of mandamus be issued ordering Defendants to promote him.[7] (Doc. No. 18 at p. 13). As such, Count Two fails

---

[7] More accurately perhaps, the writ of mandamus is the vehicle by which Martinez seeks to obtain relief. It does not, however, set forth a viable cause of action as it depends entirely on the merits of Count One.

to state a claim upon which relief can be granted.

### V. Conclusion

For the reasons set forth in the above opinion, Defendants' Motion to Dismiss the Amended Complaint (Doc. No. 21) is hereby GRANTED, as Counts One and Two fail to state a claim upon which relief can be granted.

**IT IS SO ORDERED**.

s/ *Kenneth S. McHargh*
Kenneth S. McHargh
U.S. Magistrate Judge

Date: September 23, 2016