UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                     :

RICHARD MARTINEZ,               :           CASE NO. 1:15-CV-1686
                                      :

            Plaintiff,           :
                                      :

            vs.                :           OPINION & ORDER
                                      :           [Resolving Doc. 27]

CITY OF CLEVELAND, et al.,      :
                                      :

            Defendants.      :
                                      :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

       Magistrate Judge Kenneth S. McHargh previously dismissed Plaintiff Richard Martinez's procedural due process claim against Defendants City of Cleveland, Martin Flask, and Michael McGrath (collectively "City of Cleveland").[1] Plaintiff Martinez moves for relief from the Court's judgment under Fed. R. Civ. P. 60(b).[2]  Defendants oppose.[3] For the following reasons, this Court **DENIES** Plaintiff's motion.

## I. Background

       This case concerns whether the state afforded adequate procedural remedies to Plaintiff Martinez after Defendant City of Cleveland denied Martinez a promotion to a lieutenant position in the city's Police Department.

       Cleveland's Police Department employs Martinez as a police officer with a sergeant rank.[4] Martinez sought promotion to lieutenant, a higher rank with a higher pay rate.[5] On July 23, 2011, Martinez took the Lieutenant's Civil Service Examination ("LCSE") and received the

---

[1] Doc. 25.
[2] Doc. 27.
[3] Doc. 32.
[4] Doc. 18 at ¶¶ 11-12.
[5] *Id.* at ¶¶ 12-13.

Case No. 1:15-cv-1686
Gwin, J.

seventh highest score among the fifty individuals who took the exam.[6] Martinez alleges that the City of Cleveland's "past practice" and "de facto policy" for lieutenant promotion was to promote, in succession, those sergeants with the highest LCSE scores.[7]

Defendants promoted the six highest-scoring police sergeants to lieutenant, and then passed over Plaintiff Martinez for promotion.[8] Instead, the City of Cleveland promoted four sergeants with lower LCSE scores than Martinez's.[9] Martinez alleges that the City never provided him with notice or an opportunity to be heard regarding the open lieutenant positions.[10]

Plaintiff Martinez filed a grievance with his labor union on December 13, 2013, and the union requested to submit the dispute to arbitration.[11] Defendant City of Cleveland obtained a state court injunction barring arbitration of Martinez's grievance on the grounds that promotional selections were outside the terms of the city and union's collective bargaining agreement.[12]

*Procedural History*

Plaintiff Martinez filed a complaint in federal court on August 21, 2015.[13] The parties consented to have Magistrate Judge McHargh conduct all case proceedings.[14] In his amended complaint, Martinez claims that he has a protected property interest in the lieutenant promotion because of the city's policies and past practices.[15] Martinez argues that Defendants violated his procedural due process rights because he lacks an "adequate state law remedy or method for obtaining the promotion . . . despite his property interest."[16]

---

[6] *Id.* at ¶¶ 18-19.
[7] *Id.* at ¶¶ 15-16.
[8] *Id.* at ¶¶ 20-23, 31.
[9] *Id.* at ¶¶ 30-34.
[10] *Id.* at ¶¶ 33, 35.
[11] *Id.* at ¶¶ 38-39.
[12] Doc. 27-1.
[13] Doc. 1.
[14] Doc. 7.
[15] Doc. 18 at ¶ 47.
[16] *Id.* at ¶ 44.

Case No. 1:15-cv-1686
Gwin, J.

On September 23, 2016, Magistrate Judge McHargh dismissed Martinez's amended complaint.[17] According to Magistrate McHargh, Martinez had sufficiently pled a protected property interest in the promotion, citing Cleveland's practice of promoting applicants solely based on LCSE scores.[18] But Martinez failed to establish that he was not afforded adequate procedural rights to protect this property right.[19] Although arbitration had failed, Magistrate McHargh emphasized that "Martinez had a number of avenues available to him, such as filing a declaratory judgment action, a breach of contract claim, or a petition for a writ of mandamus."[20]

On October 17, 2016, Plaintiff Martinez moved this Court for relief from judgment under Fed. R. Civ. P. 60(b)(6).[21] Plaintiff Martinez argues that judicial error justifies relief from Magistrate McHargh's dismissal of his complaint.[22] Defendants respond that Martinez's motion is a "frivolous attempt at a substitute for appeal."[23]

## II. Legal Standard

Rule 60(b) permits a district court to grant a motion for relief from the judgment for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.[24]

---

[17] Doc. 25.
[18] *Id.* at 9-10.
[19] *Id.* at 10.
[20] *Id.* at 13.
[21] Doc. 27. After Magistrate Judge McHargh retired, the case returned to this Court.
[22] *Id.* at 4.
[23] Doc. 32 at 3.
[24] Fed. R. Civ. P. 60(b).

Case No. 1:15-cv-1686
Gwin, J.

To obtain relief under Rule 60(b), "a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment."[25]

Rule 60(b) does not permit parties to relitigate the merits of claims, or to raise new claims that could have been raised during the litigation of the case or in the initial complaint.[26] Rather, the purpose of a Rule 60(b) motion is to allow a district court to reconsider its judgment when that judgment rests on a defective foundation.[27]

Relief from judgments is disfavored "by public policy favoring finality of judgments and termination of litigation."[28] In particular, courts should only use Rule 60(b)(6) in exceptional or extraordinary circumstances, and only as a residual clause in cases that are not covered under the first five subsections of Rule 60(b).[29]

### III. Discussion

Plaintiff Martinez argues that Rule 60(b)(6) entitles him to relief because the Court erred in concluding that "'the State afforded [him] adequate procedural remedies.'"[30] Responding, the Defendants counter that Sixth Circuit case law supports Magistrate McHargh's ruling and that Martinez fails to identify a single "exceptional circumstance" warranting relief from judgment.[31] The Court agrees with Defendants.

Martinez's case is not one of the "unusual and extreme situations where principles of equity *mandate* relief" under Rule 60(b)(6).[32] According to Martinez, Magistrate Judge McHargh's opinion erred in concluding that Martinez had adequate state law procedural

---

[25] *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993).
[26] *See Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).
[27] *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).
[28] *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002) (quoting *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001)).
[29] *See In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir. 2008).
[30] Doc. 27 at 4, 9 (quoting Doc. 25 at 10).
[31] Doc. 32 at 3-4.
[32] *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).

Case No. 1:15-cv-1686
Gwin, J.

remedies.[33] But "[a] claim of strictly legal error falls in the category of 'mistake' under Rule 60(b)(1) and thus is not cognizable under 60(b)(6) absent exceptional circumstances."[34] Martinez merely alleges legal error, not the substantial injustice necessary to invoke Rule 60(b)(6).

Even if this Court construes Martinez's motion as a Rule 60(b)(1) motion for relief due to judicial error, he still loses. Rule 60(b)(1) authorizes relief from judgments when there is a mistake of law.[35] Martinez argues that Magistrate Judge McHargh erred in concluding that Martinez has adequate procedural remedies. Specifically, Martinez claims that existing state law remedies are procedurally inadequate because (1) a state court injunction prohibits arbitration of his claim; (2) petitioning Cleveland's Civil Service Commission is futile because the Commission lacks the authority to promote him; and (3) a declaratory judgment and injunctive relief are unavailable because his harm is not immediate or irreparable.[36]

Martinez fails to establish an error of law mandating relief from judgment. In his opinion, Magistrate McHargh pointed to "a number of [procedural] avenues available to" Martinez, including filing a declaratory judgment action, a breach of contract claim, or a petition for a writ of mandamus.[37] Even if Martinez cannot arbitrate his claim, petition the Civil Service Commission, or obtain injunctive relief, he can still take advantage of the remedies outlined by Magistrate McHargh. Because the state afforded Plaintiff Martinez adequate procedural remedies, relief from the Court's judgment is unwarranted.

---

[33] Doc. 27 at 9.
[34] *Hopper*, 867 F.2d at 294.
[35] *See Barrier v. Beaver*, 712 F.2d 231, 233-34 (6th Cir. 1983).
[36] Doc. 27 at 9-11.
[37] Doc. 25 at 13.

-5-

Case No. 1:15-cv-1686
Gwin, J.

## IV. Conclusion

For the reasons above, this Court **DENIES** Plaintiff's motion for relief from the Court's

judgment.


IT IS SO ORDERED.


Dated:  January 25, 2017                                            *s/          James S. Gwin*
                                                                    JAMES S. GWIN
                                                                    UNITED STATES DISTRICT JUDGE