UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

| | : | |
| RICHARD MARTINEZ, | : | CASE NO. 1:15-cv-1686 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 38] |
| CITY OF CLEVELAND, *et.al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The Sixth Circuit has remanded this case to this Court so it can consider whether to exercise supplemental jurisdiction over Plaintiff Richard Martinez's claim for a petition for writ of mandamus under Ohio law. For the following reasons, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim and therefore **DISMISSES** the claim.

In this action, Plaintiff brought (1) a federal due process claim under 42 U.S.C. § 1983; and (2) a claim for a petition for writ of mandamus under Ohio law, which would order Defendants to promote Plaintiff to lieutenant.[1] Magistrate Judge Kenneth S. McHargh granted Defendants' motion to dismiss both claims.[2] Magistrate Judge McHargh found that Plaintiff had failed to a state a § 1983 claim and that a petition for writ of mandamus did not constitute a separate and freestanding cause of action.[3]

The Sixth Circuit affirmed the dismissal of the federal due process claim, but vacated the dismissal of the petition for writ of mandamus claim.[4] The Sixth Circuit held that Ohio law does

---

[1] Doc. 18.
[2] Doc. 25.
[3] *Id.*
[4] Doc. 37.

recognize a petition for writ of mandamus claim as an independent cause of action.[5]  The appellate court remanded the case to this Court to consider whether to exercise supplemental jurisdiction over the petition for writ of mandamus claim.[6]

This Court can exercise supplemental jurisdiction over the petition for writ of mandamus claim under 28 U.S.C. § 1367(a) as part of the same case or controversy as the original action. But § 1367(c) gives the district court discretion to decline supplemental jurisdiction over a claim where "the district court has dismissed all claims over which it has original jurisdiction" and the state law claim is complex.  In exercising its discretion, courts consider factors such as judicial economy, convenience, fairness, comity, and the desire to avoid needlessly deciding state law issues.[7]

After considering these factors, the Court declines to exercise supplemental jurisdiction. The state courts are best suited to decide whether Defendants, under state law, should be ordered to promote Plaintiff to lieutenant.

Therefore, the Court **DISMISSES** Plaintiff's claim for a petition for writ of mandamus.


IT IS SO ORDERED


Dated:  January 16, 2018                                     *s/        James S. Gwin*
                                                            JAMES S. GWIN
                                                            UNITED STATES DISTRICT JUDGE

---

[5] *Id.* at 4.
[6] *Id.* at 4-5.
[7] *See City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173-74 (1997).*